The opinion of the Court was delivered by
Johnston, J.
The bill does not allege that the deed is fraudulent; nor is it easy to see how Culleton, who contracted in the face of notice of its provisions, from the public registry, could well have sustained such an imputation, if he had made it.
*328 The only questions in the case were, whether the contract made with ‘Garrity entitled him to charge the trust estate, or Garrity’s interest in it, for the work done by him.
Supposing it to be true that a trust estate is liable to be charged for repairs, according to the estates held by the. successive tenants, or that the corpus may be charged for permanent improvements, proportionably to the value of such work, as explained in Magwood vs. Johnston, 1 Hill Ch., 228, (reference being had, perhaps, to how far the trustee, or person ■making the contract, is a debtor, or in advance to the settled estate,) and moreover, that any interest such contracting party may hold in the trust property, may be subjected, in order to supplement the workman’s wages, on the principle of Divers vs. Thayer: it appears to us that the Chancellor should have made no decree until he had directed an inquiry into the nature of the contract; by whom made; and the degree of his authority; the value of the work to the estate; its cost, and the different interests held in the estate by the persons ■to whose use it was settled, as well as by Garrity, with whom the workman is supposed to have contracted. Inquiry might, also, have been made as to a proper scheme of providing for paying the demand of Culleton.
It is ordered, that the decree be set aside, and the cause remanded; that these inquiries be made; when the case will be properly before the Circuit Court for its judgment.
O’Neall, C. J., and Warddaw, J., concurred.

Decree set aside.